IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE SIMPSON,

                      Petitioner,

v.

WILLIAM POLLARD,[1]

                      Respondent.

OPINION and ORDER

14-cv-511-jdp

---

In this case, petitioner Willie Simpson seeks habeas corpus relief under 28 U.S.C. § 2241 from his continued incarceration by the Wisconsin Department of Corrections. Petitioner initiated this action by filing a petition for writ of habeas corpus, Dkt. 1, but followed up with a motion for leave to amend the petition, Dkt. 5, and a proposed amended petition, Dkt. 6. I will grant the motion for leave to amend and consider the amended petition as the operative petition in this case. The amended petition is ready for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.[2] After considering the

---

[1] At the time petitioner filed this action, he was incarcerated at the Wisconsin Secure Program Facility, located in Boscobel, Wisconsin. He has since been transferred to the Waupun Correctional Institution. Petitioner originally named Gary Boughton (the WSPF warden), Edward F. Wall (the DOC secretary), and the DOC itself as respondents. I have amended the caption to substitute the warden of petitioner's current place of confinement as the proper respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases.

[2] As discussed below, a threshold issue is whether this action is properly considered one brought under 28 U.S.C. §§ 2241 or 2254. However, regardless which provision applies, I may review the petition under Rule 4 of the Rules Governing § 2254 Cases. *Poe v. United States*, 468 F.3d 473, 477, n.6 (7th Cir. 2006).

petition in conjunction with petitioner's litigation history, I conclude that the petition must be dismissed as successive to his earlier petitions.

In his petition, petitioner states that he is challenging Wisconsin Statute § 302.04[3] and Wisconsin Administrative Code § DOC 303.01(1)[4] because those provisions do not "requir[e] that the judgment of conviction or order be valid." I understand petitioner to saying that these provisions governing the authority of prison officials over inmates cannot be enforced against him because three of his underlying convictions are invalid. Petitioner states that he wants this court to declare those judgments of conviction void because he was not served a summons in any of those criminal cases. The contested convictions are as follows:

---

[3] Wis. Stat. § 302.04 states:

> Duties of warden and superintendents. Except as provided in ss. 13.48 (14) (am) and 16.848 (1), the warden or the superintendent of each state prison shall have charge and custody of the prison and all lands, belongings, furniture, implements, stock and provisions and every other species of property within the same or pertaining thereto. The warden or superintendent shall enforce the rules of the department for the administration of the prison and for the government of its officers and the discipline of its inmates.

[4] Wis. Admin. Code § DOC 303.01(1) states:

> Applicability and purposes. (1) Pursuant to authority vested in the department of corrections by s. 227.11 (2), Stats., the department adopts this chapter which applies to all inmates in its legal custody regardless of the inmates' physical placement. This section does not preclude another jurisdiction that has physical custody of the inmate from enforcing its rules related to inmate behavior. This chapter implements ss. 301.03 (2), 302.04, 302.07, 302.08, and 302.11 (2), Stats. The rules governing inmate conduct under this chapter describe the conduct for which an inmate may be disciplined and the procedures for the imposition of discipline.

- Milwaukee County Case No. 99CF4849 (two consecutive 25-year sentences for sexual assault of a child;

- Grant County Case No. 11CF123 (a consecutive three-year sentence for battery by a prisoner); and

- Grant County Case No. 11CF220 (two consecutive two-and-one-half-year sentences for assault by expelling bodily substances, along with concurrent sentences for four additional counts of the same offense).

It is unclear why petitioner couches his petition in terms of DOC's enforcement of Wis. Stat. § 302.04 and Wis. Admin. Code § DOC 303.01(1) rather than straightforwardly asserting that his convictions are invalid, but perhaps he thinks doing so allows him to bring his petition under 28 U.S.C. § 2241, which in some cases could confer advantages over bringing the case under 28 U.S.C. § 2254. One such advantage is that a petition filed under § 2241 is not restricted by § 2244(b)'s bar on second or successive § 2254 petitions. Regardless of petitioner's motivations, his petition may not be brought under § 2241 because petitioner is challenging his custody under the three state convictions listed above. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) ("[Section] 2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because [*Felker v. Turpin*, 518 U.S. 651 (1996)] makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.")

One problem with the petition under the § 2254 rules is that petitioner is attempting to challenge convictions from two different counties. Rule 2(e) of the Rules Governing § 2254 Cases states, "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."

Usually, I would ask petitioner which convictions he would like to challenge in this case before proceeding further. However, it is unnecessary to do so in this case because petitioner would be foreclosed from bringing this petition whether he chose to challenge his Milwaukee County conviction or his Grant County convictions. In either case, his current petition would be successive to an already litigated habeas action.

Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. A "second or successive" petition is one in which the prisoner is challenging the same conviction that he challenged in a previous petition that was decided on the merits. *In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999). That standard is met in this case.

In 2012, petitioner brought a habeas petition in the Eastern District of Wisconsin challenging his state confinement under his Milwaukee County conviction by arguing that DOC officials illegally changed his sentence. The court dismissed the petition and petitioner did not appeal. *Simpson v. Haines*, No. 12-CV-00410, 2013 WL 5493993, at *2 (E.D. Wis. Oct. 2, 2013). In 2014, petitioner brought a habeas petition in the Eastern District of Wisconsin challenging his state confinement under the Grant County convictions by arguing that the Wisconsin Secure Program Facility's warden had not properly taken his oath of office. That petition was dismissed, and the Court of Appeals for the Seventh Circuit affirmed the judgment. *Simpson v. DOC*, No. 14-cv-00197-WCG (E.D. Wis. Mar. 17, 2014), *aff'd*, No. 14-2056 (7th Cir. Oct. 23, 2014).

Although it appears that petitioner is attempting to raise new arguments for the invalidity of his incarceration, that is not a ground for filing a second petition in federal court. Rather, a petition challenging the same conviction on new grounds still qualifies as "second or successive" unless the events giving rise to the new claim had not yet occurred when the previous petition was filed. *United States v. Obeid*, 707 F.3d 898, 901-03 (7th Cir. 2013). It may be that petitioner's convoluted invocation of Wis. Stat. § 302.04 and Wis. Admin. Code § DOC 303.01(1) is his attempt at identifying "new events" giving rise to a non-successive habeas petition, but that argument does not overcome the successive petition rule. It is clear that the core issue in the petition is that petitioner believes that his convictions are invalid because he was not properly given summonses in his criminal cases. This is an argument petitioner could have brought in his original cases, so his current petition qualifies as "second or successive."

If petitioner believes that he qualifies for an exception to the rule against filing successive petitions, he must seek permission to file his petition with the Court of Appeals. I have no authority to consider the petition until that court gives its approval. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The court should issue a certificate when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

5

issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). To the extent that this order qualifies as "final" under Rule 11, I decline to issue a certificate because no reasonable jurist would debate that the petition qualifies as "second or successive" under § 2244.

ORDER

IT IS ORDERED that:

1. Petitioner Willie Simpson's motion for leave to amend his original petition for writ of habeas corpus, Dkt. 5, is GRANTED.

2. The petition for writ of habeas corpus is DISMISSED for lack of authorization as a second or successive application.

3. A certificate of appealability is DENIED. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered February 9, 2015.

> BY THE COURT:
>
> /s/
>
> JAMES D. PETERSON
> District Judge